**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| HARRIET PRIESTER,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> GC SERVICES LIMITED PARTNERSHIP,) <br> DLS ENTERPRISES, INC, and  ) <br> GC FINANCIAL CORP.,  ) <br>  ) <br> Defendants.  ) <br> _____) | Civil Action No. 2:11-2885-DCN <br><br> **ORIGINAL COMPLAINT** <br><br><br><br> **JURY TRIAL DEMAND** |

**NATURE OF ACTION**

1.   This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and district, and where Defendants transact business in this State and this district.

**PARTIES**

4.   Plaintiff, Harriet Priester ("Plaintiff"), is a natural person who at all relevant times resided in the State of South Carolina, County of Charleston, and City of North Charleston.

5.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant, GC Services Limited Partnership ("GC Services") is a foreign limited partnership formed under the laws of Delaware. GC Services is registered to do, and doing, business in this district. GC Services' principal office and place of business is situated at 6330 Gulfton St., Houston, TX 77081-1108. GC Services is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). GC Services may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

7. GC Services is the largest private collection agency in North America, operating thirty-six (36) offices, employing more than 10,000 individuals, and managing over 8.5 million open third-party debt collection accounts.

8. Defendant GC Financial Corp. ("GC Financial") is a foreign for-profit corporation and the general partner of GC Services Limited Partnership. GC Financial is registered to do, and doing, business in this district. GC Financial's principal office and principal place of business is situated at 6330 Gulfton St., Houston, TX 77081. GC Financial may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

9. Defendant DLS Enterprises, Inc. ("DLS"), doing business under the assumed fictitious name GC Services Corp., is a foreign for-profit corporation and the general partner of GC Services. DLS is registered to do, and doing, business in this district. DLS's principal place of business and principal office is situated at 6330 Gulfton St., Houston, TX 77081.

DLS may be served by and through its registered agent, CT Corporation 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

10. GC Financial and DLS shall be referred to hereafter as the "General Partners."

11. Under Delaware partnership law and the Uniform Limited Partnership Act §403 (amended 1985), the General Partners are vicariously liable for the acts of GC Services, the limited partnership. Delaware partnership law provides that "all partners are liable . . . [j]ointly and severally for everything chargeable to the partnership. . . ." Del. Code. Ann. tit. 6, §1515(a). GC Services mails hundreds of thousands of collection letters and places hundreds of thousands of collection telephone calls per month in its third party collection program, which is clearly within the scope the partnership's business. Accordingly, the General Partners are jointly and severally liable for the acts and omissions of GC Services out of which Plaintiff's claims arise. *See e.g. Randle v. GC Services, LP*, 25 F.Supp.2d 849, 851-52 (finding that the general partners of GC Services Limited Partnership — GC Financial Corp., and DLS Enterprises, Inc., are vicariously liable for the acts of GC Services under general principles of partnership law and Delaware partnership law). *See also Peters v. AT&T Corp.*, 43 F.Supp.2d. 926, 929 (N.D. Ill. 1999) (same).

12. Accordingly, GC Services, GC Financial, and DLS are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than GC Services, GC Financial, and/or DLS.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than GC Services, GC Financial, and/or DLS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

15. Plaintiff's alleged obligation arises from a personal student loan allegedly owed by Plaintiff.

16. GC Services uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17. In October 2006, Sallie Mae sent written communication to Plaintiff in which Sallie Mae claimed that her alleged student loan debt with Sallie Mae was in default.

18. Plaintiff sent Sallie Mae a dispute letter dated October 6, 2006 and requested validation of the alleged student loan.

19. Sallie Mae sent Plaintiff written communication dated October 23, 2006, in which Sallie Mae attempted to validate its student loan by providing a copy of a promissory note for a Federal Perkins loan.

20. Plaintiff sent Sallie Mae another dispute letter dated October 28, 2006, in which Plaintiff provided proof from College of Charleston that her Federal Perkins loans had been paid.

21. Plaintiff further sent dispute letters to the three major credit bureaus dated October 28, 2006.

22. In connection with collection of an alleged debt in default, AES bought Plaintiff's alleged Federal Perkins student loan debt from Sallie Mae.

23. GC Services sent Plaintiff written communication dated June 11, 2011, demanding payment of $11,174.95 in relation to Plaintiff's alleged student loan.

24. GC Services called Plaintiff's cellular telephone on July 8, 2011 at 2:12 P.M., and at such time, left a voicemail message stating:

> "This message is for Harriet. This is [inaudible] calling from GC Services. [inaudible] return the phone call at 1-888-771-0870 x.445 . Our office is open today until 6:00 P.M. eastern time. 1-888-771-0870, again [inaudible] calling from GC Services."

25. The voicemail message left by GC Services on July 8, 2011 at 2:12 P.M. failed to notify Plaintiff that the communication was from a debt collector.

26. GC Service' actions constitute conduct highly offensive to a reasonable person, and as a result of GC Services' behavior, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(11)

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26.

28. 15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following Conduct is a violation of this section:

5

2:11-cv-02885-DCN   Date Filed 10/24/11   Entry Number 1   Page 6 of 16

> \*   \*   \*
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

29. Voice mail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336 (S.D. Fla. 2008), *citing Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410 *4 (M.D. Fla. 2006) (holding that messages left on debtor's answering machines were "communications" under the FDCPA); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

30. GC Services called Plaintiff's cellular telephone on July 8, 2011 at 2:12 P.M., and at such time, left a voicemail message stating:

> "This message is for Harriet. This is [inaudible] calling from GC Services. [inaudible] return the phone call at 1-888-771-0870 x.445 . Our office is open today until 6:00 P.M. eastern time. 1-888-771-0870, again [inaudible] calling from GC Services."

31. The voicemail message left by GC Services on July 8, 2011 at 2:12 P.M. failed to notify Plaintiff that the communication was from a debt collector.

32. GC Services violated 15 U.S.C. § 1692e(11) by failing to disclose during a

6

communication with Plaintiff that the communication was from a debt collector.

33. GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692e(11);

b) Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(6)

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26.

35. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *     *     *

7

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

36. "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

37. A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt." *Koby v. ARS Nat. Services, Inc*., 2010 WL 1438763 *5 (S.D. Cal. 2010).

38. "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'" *Hosseinzadeh,* 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

39. GC Services called Plaintiff's cellular telephone on July 8, 2011 at 2:12 P.M., and at such time, left a voicemail message stating:

> "This message is for Harriet. This is [inaudible] calling from GC Services. [inaudible] return the phone call at 1-888-771-0870 x.445 . Our office is open today until 6:00 P.M. eastern time. 1-888-771-0870, again [inaudible] calling from GC Services."

40. The voicemail message left by GC Services on July 8, 2011 at 2:12 P.M. failed to notify Plaintiff that the communication was from a debt collector.

8

41. GC Services violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure in voicemail messages left for Plaintiff.

42. GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692d(6);

b) Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(10)

43. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26.

44. 15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> \*     \*     \*
>
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

45. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen (16) subsections of section 1692e provide a non-exhaustive list of practices that fall within such prohibited conduct. Provisions similar to those enumerated in section 1692e were present in each of the bills leading up to enactment of the FDCPA. *See e.g.* H.R. 10191, 94th Cong., 1st Sess. § 804 (1975); H.R. 29, 95th Cong., 1st Sess. § 806 (1977); S. 9th Cong., 1st Sess. § 807 (1977).

46. A debt collection practice may violate the FDCPA even if it does not fall within specific conduct enumerated by the FDCPA. *Clomon v. Jackson,* 988 F. 2d 1314, 1318 (2nd Cir. 1993). Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a general standard affording courts the ability to proscribe conduct not specifically addressed in section 1692e. One Senate Report reads:

> [T]his bill prohibits in general terms any harassing unfair or deceptive collection practice. This will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.

S. Rep. No. 382 at 4; *see also* FTC Official Staff Commentary § 807.

47.     Section 1692e borrows the legal concept of deception from the Federal Trade Commission Act ("FTC Act").  15 U.S.C. § 45; *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168 (11th Cir. 1985).  Because the FDCPA expressly recognized the inadequacy of existing laws, including the FTC Act, to protect consumers, the idea of deception encompassed by section 1692e was intended to be more protective of consumers than the law in place at the time the FDCPA was enacted, including the FTC Act.  15 U.S.C. § 1692b; *see also Jeter*, 760 F. 2d 1168.

48.     The proscription of deception developed by the FTC Act, and according decisions of courts discussing the same, is quite broad and approaches a requirement of merchants of honest openness and truthful frankness when dealing with consumers.  Many of the elements of common law fraud are irrelevant to an action for deception under section 1692e.  In particular, there is no requirement that intent to deceive be established. Knowledge of a statement's falsity is not a necessary element to establish deception.  The fact that a practice is customary does not prevent it from being deceptive.  The "capacity" or "tendency" to deceive is sufficient so that actual deception need not be shown to establish damages.  *Morgan v. Credit Adjustment Board, Inc*., 999 F. Supp. 803 (E.D. Va. 1998).  And, the failure to disclose information is deceptive if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous.  *See e.g. Simeon Management Corp. v. FTC*., 579 F. 2d 1137 (9th Cir. 1998); *Tashof v. FTC*, 437 F. 2d 707 (D.C. Cir. 1970); *Bice v. Merchants Adjustment Service*, *Clearinghouse,* No. 41,65 (S.D. Ala. 1985)

49. The materiality of deception may be inferred. The concept of deception protects even the ignorant, unthinking, and the credulous least sophisticated consumer. *Jeter*, 760 F. 2d 1168. Neither truth nor good faith is a defense to a claim of deception. Literally true statements, partial truths, and ambiguous statements are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive. *Tashof*, 437 F. 2d 707; *Pope v. Vogel*, 1998 WL 111576 (N.D. Ill. 1998); *Sunshien Art Studios, Inc. v. FTC*, 481 F. 2d 1171 (1st Cir. 1973); *Drennan v. Da Ru Credit Corp*., 950 F. Supp. 858 (N.D. Ill. 1996).

50. In October 2006, Sallie Mae sent written communication to Plaintiff in which Sallie Mae claimed that her alleged student loan debt with Sallie Mae was in default.

51. Plaintiff sent Sallie Mae a dispute letter dated October 6, 2006 and requested validation of the alleged student loan.

52. Sallie Mae sent Plaintiff written communication dated October 23, 2006, in which Sallie Mae attempted to validate its student loan by providing a copy of a promissory note for a Federal Perkins loan.

53. Plaintiff sent Sallie Mae another dispute letter dated October 28, 2006, in which Plaintiff provided proof from College of Charleston that her Federal Perkins loans had been paid.

54. Plaintiff further sent dispute letters to the three major credit bureaus dated October 28, 2006.

55. In connection with collection of an alleged debt in default, AES bought Plaintiff's alleged Federal Perkins student loan debt from Sallie Mae.

56. Despite the fact that the alleged debt had previously been paid in full, GC Services sent Plaintiff written communication dated June 11, 2011, demanding payment of $11,174.95 in relation to Plaintiff's alleged student loan.

57. GC Services called Plaintiff's cellular telephone on July 8, 2011 at 2:12 P.M., and at such time, left a voicemail message stating:

> "This message is for Harriet. This is [inaudible] calling from GC Services. [inaudible] return the phone call at 1-888-771-0870 x.445 . Our office is open today until 6:00 P.M. eastern time. 1-888-771-0870, again [inaudible] calling from GC Services."

58. The voicemail message left by GC Services on July 8, 2011 at 2:12 P.M. failed to notify Plaintiff that the communication was from a debt collector.

59. GC Services violated 15 U.S.C. § 1692e(10) by using false representations and/or deceptive means in connection with collection of an alleged debt from Plaintiff.

60. GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692e(10);

b) Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(2)(A)

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26.

62. 15 U.S.C. § 1692e(2)(a) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \*    \*    \*
>
> (2) The false representation of—
>
> (A) The character, amount, or legal status of any debt;

63. In October 2006, Sallie Mae sent written communication to Plaintiff in which Sallie Mae claimed that her alleged student loan debt with Sallie Mae was in default.

64. Plaintiff sent Sallie Mae a dispute letter dated October 6, 2006 and requested validation of the alleged student loan.

65. Sallie Mae sent Plaintiff written communication dated October 23, 2006, in which Sallie Mae attempted to validate its student loan by providing a copy of a promissory note for a Federal Perkins loan.

66. Plaintiff sent Sallie Mae another dispute letter dated October 28, 2006, in which Plaintiff provided proof from College of Charleston that her Federal Perkins loans had been paid.

67. Plaintiff further sent dispute letters to the three major credit bureaus dated October 28, 2006.

68. In connection with collection of an alleged debt in default, AES bought Plaintiff's alleged Federal Perkins student loan debt from Sallie Mae.

69. Despite the fact that the alleged debt had previously been paid in full, GC Services sent Plaintiff written communication dated June 11, 2011, demanding payment of $11,174.95 in relation to Plaintiff's alleged student loan.

70. GC Services violated 15 U.S.C. § 1692e(2)(A) by falsely representing that Plaintiff owed $11,174.95 in relation to Plaintiff's alleged student loan in its July 11, 2011 correspondence.

71. GC Financial and DLS are vicariously liable for the acts of GC Services.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that GC Services violated 15 U.S.C. § 1692e(2)(A);

b) Adjudging that GC Financial and DLS are vicariously liable for the acts of GC Services;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

  e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

  f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

  g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

72. Plaintiff is entitled to and hereby demands a trial by jury on all counts.

DATED this 24th day of October, 2011.

    Respectfully submitted,

    /s/ Holly E. Dowd
    Holly E. Dowd (S.C. Bar No. 77897)
    Weisberg & Meyers, LLC
    409A Wakefield Dr.
    Charlotte, NC 28209
    (888) 595-9111 ext. 260
    (866) 565-1327 (fax)
    hdowd@attorneysforconsumers.com

    ATTORNEYS FOR PLAINTIFF

   *Please send correspondence to the address below*

    Holly E. Dowd
    ***Weisberg & Meyers, LLC***
    5025 N. Central Ave. #602
    Phoenix, AZ 85012